UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:12 -CV- 489- ORL-28DAB



WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

MICHAEL FLASKEY, GLEN E. FUTRELL,
JOHN W. DIXON, UNKNOWN
PARTY/PARTIES IN POSSESSION, THE STATE
OF FLORIDA, PINE ISLAND COMMUNITY
DEVELOPMENT DISTRICT, BELLA COLLINA
PROPERTY OWNER'S ASSOCIATION, INC.,

    Defendants.

_____/

## COMPLAINT

    Plaintiff, Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., hereby sues Michael Flaskey, Glen Futrell, John W. Dixon, Unknown Party/Parties in Possession, The State of Florida, Pine Island Community Development District, and Bella Collina Property Owner's Association, Inc., and alleges:

### *Jurisdiction, Parties and Venue*

    1.    This is an action for damages in excess of $75,000.00, exclusive of costs, interest and attorneys' fees.

    2.    Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association with its principal place of business in South Dakota and is the successor by merger to Wachovia Bank, N.A.

    3.    Michael Flaskey ("Flaskey") is an individual who, upon information and belief, resides in Orange County, Florida.

1

4.      Glen Futrell ("Futrell") is an individual who, upon information and belief, resides in North Carolina.

5.      John W. Dixon ("Dixon") is an individual who, upon information and belief, resides in North Carolina.

6.      Unknown Party/Parties in Possession ("Parties in Possession") is an individual who, upon information and belief, resides in Lake County, Florida.

7.      The State of Florida ("Florida") is a State that may claim some right, title, interest, or lien in, to, or upon the Property described below.

8.      Pine Island Community Development District ("Development District") is a community development district created pursuant to Chapter 190 of the Florida Statutes, which is located in Lake County, Florida.

9.      Bella Collina Property Owner's Association, Inc. ("POA") is a Florida non-profit corporation with a principal place of business in Osceola County, Florida.

10.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Wells Fargo and each of the other parties to this action and the amount in controversy exceeds $75,000.00, exclusive of interest, attorneys' fees and costs.

11.     This Court has personal jurisdiction over each Defendant pursuant to Fla. Stat. § 48.193, in that each Defendant: (1) operates, conducts, engages in, or carries on a business or business venture in the State of Florida related to the claims asserted herein; and (2) each Defendant has been continuously engaged in substantial and not isolated activity in the State of Florida at all times material to the allegations contained herein.

12.    Venue is proper in the United States District Court for the Middle District of Florida pursuant to the provisions of 28 U.S.C. § 1391.

### Allegations Common to All Counts

13.    On or about August 8, 2008, Flaskey and Futrell executed as borrowers and Dixon executed as guarantor a Note in the principal amount of $842,141.52 (the "Note") that was delivered to Wells Fargo. A true and correct copy of the Note is attached hereto as **Exhibit A.**

14.    The Note was secured by a Mortgage that was dated August 8, 2008 (the "Mortgage"), which was executed by Flaskey, Futrell and Dixon. A true and correct copy of the Mortgage is attached hereto as **Exhibit B.**

15.    The Mortgage was recorded August 29, 2008 in Official Records Book 03672, Page 0817 of the Public Records of Lake County, Florida.

16.    The Mortgage encumbers the land described as follows:

> Lot 87, Bella Collina, according to the map or plat thereof, as recorded in Plat Book 51, Page(s) 31 through 49, inclusive, of the Public Records of Lake County, Florida (the "Property")

17.    At the time that the Mortgage was executed and delivered to Wells Fargo, the Property was owned and in the possession of Defendants as tenants in common.

18.    Plaintiff owns and holds the Note and Mortgage.

19.    Pursuant to the terms of the Note, Flaskey and Futrell are obligated to Wells Fargo, jointly and severally, as borrowers for the obligations under the Note, including but not limited to payment of all principal and accrued interest due thereunder.

20.    Dixon, as guarantor, guaranteed all payments due under the Note to Wells Fargo

FOX ROTHSCHILD LLP

21.    Flaskey and Futrell have defaulted under the Note by, among other things, failing to make the monthly payment due in December 2009 and all payments thereafter.

22.    On or about September 29, 2010, Wells Fargo provided notice to Defendants of the default and the impending acceleration of the Note (the "Notice"), pursuant to paragraph 21 of the Mortgage.  A true and correct copy of the Notice is attached hereto as **Exhibit C**.

23.    On or about March 16, 2012, Wells Fargo again notified Defendants of the default and issued a notice to each Defendant under the Fair Debt Collection Practices Act ("FDCPA Notices").  True and correct copy of the FDCPA Notices sent to each Defendant are attached hereto as **Composite Exhibit D**.

24.    Defendants failed to cure the default within thirty (30) days as required by the Notice.

25.    Wells Fargo declares the full amount owing under the Note to be immediately due and payable.

26.    Flaskey and Futrell, as borrowers, jointly and severally, owe to Wells Fargo the sum of $842,141.52 in principal, plus outstanding interest, late charges (paragraph 4(a)), and collection costs and expenses (paragraph 5(d)).

27.    Dixon, as guarantor, owes to Wells Fargo the sum of $842,141.52 in principal, plus outstanding interest, late charges (paragraph 4(a)), and collection costs and expenses (paragraph 5(d)).

28.    All conditions precedent to this action have been satisfied, have occurred, or have been waived.

29.    Wells Fargo has been required to retain the services of the undersigned law firm for the purpose of bringing this action and is obligated to pay a reasonable fee for its services.

4

WP1 453074v4 03/28/12

## COUNT I – BREACH OF CONTRACT
### *(Flaskey and Futrell)*

30.    Wells Fargo hereby adopts and realleges the allegations contained in paragraphs 1 through 28 above as if more specifically set forth herein.

31.    The Note constitutes an agreement between Wells Fargo as lender and Flaskey and Futrell as borrowers.

32.    Flaskey's and Futrell's failure to make payments when due under the Note constitutes a breach of their obligations under the Note.

33.    Wells Fargo has suffered damages as a result of Flaskey's and Futrell's breach of their obligations under the Note.

34.    Pursuant to paragraph 5(d) of the Note, Wells Fargo is entitled to recover against Flaskey and Futrell, jointly and severally, its collection costs and expenses.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., demands entry of judgment against Defendants, Michael Flaskey and Glenn E. Futrell, jointly and severally, for damages, with interest, an award of costs and attorneys' fees, and such other and further relief as is just and proper.

## COUNT II – BREACH OF CONTRACT
### *(Dixon)*

35.    Plaintiff hereby adopts and realleges the allegations contained in paragraphs 1 through 28 above as if more specifically set forth herein.

36.    The Note constitutes an agreement between Wells Fargo as lender and Dixon as guarantor.

37.    Dixon's failure to make payments when due under the Note constitutes a breach of his obligations under the Note.

FOX ROTHSCHILD LLP

WP1 453074v4 03/28/12

38.    Wells Fargo has suffered damages as a result of Dixon's breach of the Note.

39.    Pursuant to paragraph 5(d) of the Note, Wells Fargo is entitled to recover against Dixon its collection costs and expenses.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., demands entry of judgment against Defendant, John W. Dixon, for damages, with interest, an award of costs and attorneys' fees, and such other and further relief as is just and proper.

### COUNT III – FORECLOSURE OF MORTGAGE
*(Flaskey, Futrell and Dixon)*

40.    Wells Fargo hereby adopts and realleges the allegations contained in paragraphs 1 through 28 above as if more specifically set forth herein.

41.    Wells Fargo's right, title, interest and/or claim in the Property is superior to that of any Defendant.

42.    Due to Defendants' defaults under the Note and Mortgage, and pursuant to the terms of the Mortgage, Wells Fargo is entitled to foreclose its mortgage lien on the Property.

43.    Pursuant to paragraph 21 of the Mortgage, Wells Fargo is entitled to collect from Flaskey, Futrell and Dixon, jointly and severally, its expenses incurred to enforce the Mortgage, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

44.    Parties in Possession may claim some interest in the Property by virtue of their possession of the Property, but said interest is either invalid or is subordinate and inferior to the lien of Wells Fargo's Mortgage.

45.    Florida may claim some interest in the Property by virtue of that certain Final Judgment recorded in the Official Records of Lake County, Book 3968, Page 1110, but said interest is either invalid or is subordinate and inferior to the lien of Wells Fargo's Mortgage.

FOX ROTHSCHILD LLP

46.    Development District may claim some interest in the Property by virtue of that certain lien recorded in the Official Records of Lake County, Book 2728, Page 566, but said interest is either invalid or is subordinate and inferior to the lien of Wells Fargo's Mortgage.

47.    POA may claim some interest in the Property by virtue of the Declaration of Covenants, Restrictions and Easements recorded in the Official Records of Lake County, Book 2490, Page 568, but said interest is either invalid or is subordinate and inferior to the lien of Wells Fargo's Mortgage.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., requests this Court:

(a)    take jurisdiction of the parties hereto and the subject matter hereof;

(b)    order that the lien of Wells Fargo's Mortgage is a valid first lien on the Property and is superior to any lien of record;

(c)    order foreclosure of the Mortgage, and that Defendants, their estates, and all persons claiming under or against them since the filing of the Notice of Lis Pendens, be foreclosed;

(d)    determine the amount Wells Fargo is due under the Note and Mortgage sued upon herein;

(e)    order that if said sum due Wells Fargo is not paid in full within the time set by this Court, the Property be sold by Order of this Court to satisfy Wells Fargo's claims;

(f)    order that if the proceeds from such court-ordered sale are insufficient to pay Wells Fargo's claim, then a deficiency judgment be entered for the remaining sum against all Defendants;

(g)    retain jurisdiction of this cause and the parties hereto to determine Wells Fargo's entitlement to a deficiency judgment and the amount thereof;

FOX ROTHSCHILD LLP

(h)    retain jurisdiction of this cause and the parties hereto to determine the amount of attorneys' fees and costs to which Wells Fargo is entitled; and

(i)    that this Court grant such other and further relief as is just and proper.

Dated this _29_ day of March, 2012.

Fox Rothschild LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 804-4441
Facsimile: (561) 835-9602

By: _____
David A. Greene
Florida Bar No. 87629
dgreene@foxrothschild.com

*Attorneys for Wells Fargo Bank,*
*N.A., successor by merger to*
*Wachovia Bank, N.A.*

WP1 453074v4 03/28/12